UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| GABRIEL LEONARD | * | CIVIL ACTION NO. 17-0650 |
|---|---|---|
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JEREMIAH LEONARD, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.111, the above-captioned matter has been referred to the undersigned magistrate judge for review, report and recommendation. For reasons that follow, it is recommended that plaintiff's federal law claims be DISMISSED, with prejudice, and that his state law claims be DISMISSED, without prejudice.

## Background

On May 3, 2017, plaintiff pro se Gabriel Leonard commenced the instant proceeding in federal court against Jeremiah Leonard, Stijerica Davis, Donesha, and Norma Davis. [doc. # 1]. Plaintiff alleged that, on an unspecified date, his brother, Jeremiah Leonard, unexpectedly obtained permission to spend the night at plaintiff's apartment. While there, Jeremiah Leonard and his girlfriend "did something supernatural," which resulted in a hex being placed on plaintiff's recently released mix tape. Plaintiff explained that the hex hindered the success of his mix tape thus causing him to suffer a loss of $100,000, apparently from poor to non-existent sales.

On August 3, 2017, plaintiff amended his complaint to clarify that his brother's jealousy was what motivated him to place the hex on his mix tape. Plaintiff added that more than one

year later, he broached the subject with his brother, but his brother denied any knowledge of the hex. Also, on an unknown date, Stijerica Davis placed a hex on plaintiff's freedom of speech.

Plaintiff further stated that Tara Holmes – the manager of "141 Lofts"; plus two unidentified women who reside at "141 Lofts"; and Jeremiah Webster all have hindered his First Amendment rights.

In March 2017, plaintiff's relative, Patrick Leonard, and his girlfriend, Ebony Williams, placed a hex on plaintiff's Youtube channel which caused advertisements to appear and troubles with copyright issues. In addition, plaintiff's sisters, Patrice and Jankea Leonard, have a history of continuously placing hexes on him.

Finally, plaintiff alleges that Carrisa Shaw and "Marleka" picked him up from the mall and dropped him off at an apartment. After dropping him off, Carrisa distracted plaintiff while Marleka hid behind the kitchen counter and supernaturally caused plaintiff's head to grow about two to three inches.

Plaintiff seeks damages in the amount of $999,999,999,999.99, a reversal of all supernatural hindrances, and the electric chair for all defendants.

**Frivolity Review**

In any case where the court has authorized the plaintiff to proceed IFP, the court, at any time, shall dismiss a defendant against whom the action: proves patently frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief that is barred by a defense of immunity. *See* 28 U.S.C. 1915(e)(2)(B) & (C). The court may screen the complaint and enter such dismissals, *sua sponte*. *See e.g., Allard v. Quinlan Pest Control Co., Inc.*, 387 Fed. Appx. 433, 440 (5th Cir. July 13, 2010); *Chapman v. Arlington Housing Authority*, 145 Fed.

Appx. 496 (5th Cir. Oct. 12, 2005). In so doing, the court may consider affirmative defenses that are apparent from the record. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).[1]

## Analysis

In his complaint, plaintiff asserted jurisdiction under federal question, 28 U.S.C. § 1331, pursuant to "every piece of the 1st Amendment." Indeed, on the civil cover sheet he indicated that he filed his cause of action under 42 U.S.C. § 1332. Plaintiff also asserted jurisdiction via diversity of citizenship, 28 U.S.C. § 1332. The court will address plaintiff's federal and state law claims, in turn.

**I.     Federal Law Claim(s)**

    a)     <u>Applicable Standard</u>

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or

---

[1] An early determination of the merits of an IFP complaint provides significant benefit to courts (because it permits effective and efficient use of scarce resources), to defendants (because it frees them from the burdens of patently meritless and harassing litigation), and to plaintiffs (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). *See Ali, supra*.

*probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id*. Additional documents also are considered "part of the pleadings," if plaintiff refers to them in his complaint, and they are central to his claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (citations omitted).

b) <u>First Amendment and 42 U.S.C. § 1983</u>

"The First Amendment, applicable to the States via the Fourteenth Amendment, protects freedom of speech and freedom of the press." *Rain CII Carbon, LLC v. Kurczy*, Civ. Action No. 12-2014, 2012 WL 3577534, at *3 (E.D. La. Aug. 20, 2012) (citations omitted). Violations of constitutional rights are not redressable directly, however. Rather, plaintiff must pursue Fourteenth Amendment claims through 42 U.S.C. § 1983. *Coleman v. Mississippi Dep't of Marine Res.*, 16-0289, 2016 WL 5794772, at *2 (S.D. Miss. Oct. 4, 2016) (citations omitted).

Under 1983, any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citing 42 U.S.C. § 1983). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Correctional Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Traditionally, "acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Thus, to constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson*

5

*Oil Co.*, 457 U.S. 922, 936 n. 18 (1982). Moreover, private entities are not generally considered state actors. *Meade v. Dillard Dept. Stores*, 275 F.3d 43, 43 (5th Cir. 2001).

Here, defendants are private individuals and not state actors under § 1983. Plaintiff's complaint, as amended, is devoid of any factual allegations to suggest that defendants' conduct can be attributed to the State, or that the State encouraged, participated, or otherwise coerced defendants' actions. Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Richard v. Hoechst Celanese Chemical Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003) (quoted source omitted). Thus, the court necessarily finds that plaintiff's complaint fails to state a cognizable § 1983 claim.

  c)  <u>42 U.S.C. § 1985</u>

Plaintiff further alleges facts that could support a claim that defendants conspired or acted in concert against him. To the extent that these allegations were meant to invoke 42 U.S.C. § 1985, the court observes that to state a claim under § 1985(3), plaintiff must allege

> (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Hilliard v. Ferguson*, 30 F.3d 649, 652-653 (5th Cir. 1994). In addition, the conspiracy must have a racially based animus. *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010). For purposes of asserting a conspiracy claim, plaintiffs must assert the "operative facts upon which the claim is based." *Lynch v. Cannatella*, 810 F.2d 1363, 1369-1370 (5th Cir. 1987). Conclusory allegations of conspiracy do not suffice. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (discussing conspiracy under § 1983).

Here, plaintiff's complaint fails to set forth *facts* (as opposed to conclusory assertions) to support a conspiracy between the defendants, or that any defendant acted out of racial animus. Accordingly, plaintiff also fails to state a § 1985 claim against defendants.

## II. State Law Claims

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed,[2] the court may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367. In fact, this is the general rule. *Priester, supra* (citation omitted). In this case, the twin interests of comity and efficiency dictate that any remaining state law claims be dismissed without prejudice. 28 U.S.C. § 1367(c).

## III. Amendment

The undersigned further recognizes that "before dismissing a pro se complaint, a district court ordinarily should give the litigant an opportunity to amend." *Bruce v. Little*, 568 Fed. Appx. 283 (5th Cir. 2014) (citing *inter alia*, *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998)). Here, plaintiff already has amended his complaint once. The amendment merely reinforced and expanded upon the same baseless and fanciful allegations that plaintiff included in his original complaint. Thus, at this stage, further amendment appears futile.

## **Conclusion**

For the foregoing reasons,

---

[2] The court does not discern the existence of diversity jurisdiction, 28 U.S.C. § 1332, in this case. The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). Here, however, plaintiff alleges that he and defendants are all residents of the same state – Louisiana.

IT IS RECOMMENDED that plaintiff's federal law claims be DISMISSED WITH PREJUDICE, as legally frivolous, and/or for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

IT IS FURTHER RECOMMENDED that plaintiff's state law claims be DISMISSED WITHOUT PREJUDICE. 28 U.S.C. § 1367(c).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 11th day of August 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE